Case 3:21-cv-08150-DWL   Document 1   Filed 07/08/21   Page 1 of 12

Martin A. Bihn (014338)
Donna M. McDaniel (017366)
**BIHN & McDANIEL, P.L.C.**
2600 N. Central Ave, Suite 1775
Phoenix, Arizona 85004
Tel: (602) 248 9779
Fax: (602) 248 9749
Email: MBihn@phxlegal.com
       Donna@phxlegal.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Roxanne Thorn; | CV: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Walther Schulze; Alexander Dorst; HMR Services and Equipment, LLC, an Arizona limited liability company; Baba Inv, LLC, and Arizona limited liability company; Brody Financial, LLC, an Arizona limited liability company; The Miracle Trust, Walther Schulze Trustee; | |
| Defendants. | |

Plaintiff Roxanne Thorn, for her Complaint against Defendants hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their failure to pay overtime wages and unlawful retention of her tips in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "FLSA"); and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3.      The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.       Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiff was employed by Defendants in this District.

## PARTIES

6.      At all relevant times to the matters alleged herein, Plaintiff resided in Apache County in the District of Arizona.

7.      Defendant Walther Schulze ("SCHULZE") is, upon information and belief, a resident of Scottsdale, Arizona.

8.      Defendant Alex Dorst ("DORST") is, upon information and belief, a resident of Scottsdale, Arizona.

9. Defendant HMR Services and Equipment, LLC ("HMR") is a limited liability company authorized to do business in Arizona.

10. Defendant Baba Inv., LLC ("BABA") is a limited liability company authorized to do business in Arizona.

11. Defendant Brody Financial, LLC ("BRODY") is a limited liability company authorized to do business in Arizona.

12. Defendant The Miracle Trust ("TMT") is upon information and belief, an Arizona trust whose trustee is defendant SCHULZE.

13. SCHULZE is a Manager of HMR, BABA, and BRODY.

14. DORST is a Manager of HMR and BABA.

15. Upon information and belief, defendant BABA is the only Member of HMR.

16. Upon information and belief defendant BRODY is the only Member of BABA.

17. TMT is the sole member of BRODY.

18. Upon information and belief, defendant Schulze owns/controls all of these entities through TMT and as the manager/trustee of these entities.

19. Defendants HMR, BABA, BRODY, and TMT are related and interlocking entities with unified operation and/or common control and constitute an "enterprise" pursuant to 29 U.S.C § 203(r)(1). Defendants HMR, BABA, BRODY, and TMT have been, at all relevant times, Plaintiff's employer as defined by 29 U.S.C. § 203(d).

20. Defendants SCHULZE and DOST have directly caused events to take place giving rise to this action.

21. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.

22. Defendants SCHULZE and DOST had the authority to hire and fire employees including Plaintiff.

23. Upon information and belief defendants SCHULZE and DOST fired Plaintiff and/or ordered and/or directed that Plaintiff be fired.

24. Upon information and belief, SCHULZE and DOST supervised and controlled employees' work schedules and/or the conditions of their employment.

25. Upon information and belief, defendants SCHULZE and DOST determined the rate and method of payment of wages of employees and of remittance of tips.

26. As persons who acted in the interest of the previously identified enterprise in relation to the enterprise's employees, defendants SCHULZE and DOST are subject to individual and personal liability under the FLSA.

27. Plaintiff further informed, believes, and alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

28. Defendants SCHULZE and DOST are sued in both their individual and corporate capacities.

29. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

30. Plaintiff has been a full-time employee of Defendants from on or around May 2018 until on or around May 2, 2021.

4

31. At all relevant times, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

32. Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

33. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce and/or regularly handled goods produced and transported in interstate commerce.

34. Plaintiff was a "nonexempt" employee as that term is defined in the FLSA.

35. Although the FLSA and Department of Labor regulations require employers to maintain accurate records of hours worked by nonexempt employees, and keep those records for three years, defendants, failed to maintain a record of the hours worked by employees including Plaintiff.

36. Defendants also failed to properly advise Plaintiff of her FLSA rights as required by law.

**FACTS**

37. Defendants own and operate Hidden Meadow Ranch, in Apache County Arizona.

38. The facility was once a luxury resort that defendants converted into a private and exclusive "ranch community" that offers to sell raw land, large ranch cabins and lodge cabins.

39. In addition to their real estate business, defendants operate a restaurant, horse barn and offer other recreational activities for the exclusive use of the members of the private ranch community.

5

40. At all relevant times, Plaintiff was employed by Defendants. During the day plaintiff worked with the horses (guided rides for members, fed and cared for the horses and tack) and helped maintain the property through physical labor (repairing fencing, chopping wood). Plaintiff worked as a server in the defendants' restaurant in the evenings.

41. Defendants paid plaintiff $2,000 a month for her work and provided her with a cabin on the premises.

42. Defendant HMR paid plaintiff's monthly wages.

43. Defendant BABA owned the cabin provided to plaintiff.

44. Plaintiff worked at least 40 hours per week for the months of November through April.

45. Plaintiff worked between 50 and 80 hours a week during the months of May through October.

46. Defendants did not pay plaintiff overtime for any hours she worked in excess of 40 hours per week for the duration of her employment.

47. Once a month, defendants also paid plaintiff her tips from working as a server.

48. Plaintiff in her work as a server received tips in excess of $30 of month and was a "tipped employee" pursuant to 29 USC § 203(t).

49. Defendants collected all tips that customers left when they paid credit or debit card.

50. Defendants pooled the Plaintiff's tips with Plaintiff's manager and the restaurant chef.

51. Defendants advised Plaintiff that they paid her one third 1/3 of the tips.

52. Plaintiff's tips were paid by BRODY and BABA.

53. On March 23, 2018, Congress enacted the Consolidated Appropriations Act, 2018 (CAA), which revised § 203(m) of the FLSA. The CAA added a new paragraph to § 203(m) stating that "[**a]n employer may not keep tips received by its employees for any purposes**, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." (See 29 USC § 203(m)(2)(B))

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

54. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

56. In any given workweek during the summer season, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours Plaintiff worked in excess of 40 hours.

57. Defendants willfully failed to compensate Plaintiff any overtime wages for the time she worked in excess of 40 hours in a given workweek for the entire duration of her employment with Defendants.

58. Defendants' failure to pay Plaintiff one and one-half times her regular rate for all hours worked in excess of 40 per week in a given work week violated 29 U.S.C. § 207.

59.     Defendants knew or acted with reckless disregard as to whether their failure to pay Plaintiff the overtime would violate federal and state law, and Defendants were aware of the FLSA overtime requirements during Plaintiff's employment.

60.     Defendants' conduct constitutes a willful violation of the FLSA.

61.     Defendants have willfully violated the FLSA by not paying Plaintiff overtime for the entire duration of her employment with Defendants.

62.     Plaintiff has been damaged and is entitled to compensation one and one-half times her regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

WHEREFORE, Plaintiff, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

    A. For the Court's declaration and finding that the Defendants committed one of more of the following acts:

        i. Violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper overtime wages;

        ii. Willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper overtime wages;

    B. For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

    C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

    D. For the Court to award prejudgment and post-judgment interest;

    E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.  Such other relief as this Court shall deem just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## ILLEGALLY RETAINED TIPS

63. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

64. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

65. Plaintiff was an employee entitled to receive tips left by customers without any deduction.

66. Defendants were not entitled to keep or divert any portion of Plaintiff's tips.

67. Defendants have intentionally retained and/or refused to pay Plaintiff all of the tips to which she was entitled in violation of the provisions of the FLSA.

68. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving full compensation in accordance with 29 U.S.C.§ 206.

69. In addition to the amount of unpaid tips owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

70. Defendants knew Plaintiff was not being the full of amount of tips she was owed.

71. Defendants have not made a good faith effort to comply with the FLSA.

72. Defendants' actions in failing to pay Plaintiff all of her tips, in violation of the FLSA, were willful.

73. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court's declaration and finding that the Defendants committed one of more of the following acts:

    i.    Violated tip provisions of the FLSA, 29 U.S.C. § 206, by diverting and failing to pay Plaintiff all tips to which she was entitled;

    ii.    Willfully violated tip provisions of the FLSA, 29 U.S.C. § 206 by willfully diverting and failing to pay Plaintiff all tips to which she was entitled;

B.    For the Court to award Plaintiff's unpaid tip damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA WAGE ACT**
**FILAURE TO PAY WAGES WHEN DUE**

74. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

75. As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to her.

76. Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

77. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time she was employed by Defendants.

78.     Defendants knew that –or acted with reckless disregard as to whether –their refusal or failure to properly compensate Plaintiff over the course of her employment would violate federal and state law, and Defendants were aware of the Arizona Wage Act's requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the Arizona Wage Act.

79.     Plaintiff is therefore entitled to compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred.

80.     Plaintiff's damages are liquidated and so she is entitled to prejudgment interest from the date of each paycheck containing and continuing through the date of judgment.

WHEREFORE, Plaintiff requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA  85004
(602) 248-9779

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 7th day of July 2021.

                        BIHN & McDANIEL, P.L.C.

                        /s/ Martin A. Bihn
                        _____
                        Martin A. Bihn
                        *Attorneys for Plaintiff*

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

12